UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                      :

UNITED STATES OF AMERICA,        :

                                    :

       – *against* –            

                                    :        S 12 10 Cr. 905 (LTS)

DANIEL VALDEZ,               :        <u>Electronically Filed</u>

                                    :

            Defendant.
-------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DANIEL <br> <u>VALDEZ'S PRETRIAL MOTIONS PURSUANT TO RULE 12(b), FED.R.CRIM.P.</u>

Joshua L. Dratel, Esq.
DRATEL & MYSLIWIEC, P.C.
2 Wall Street, 3rd Floor
New York, New York 10005
Tel: (212) 732-0707
jdratel@dratelmys.com

*Attorneys for Defendant Daniel Valdez*

– Of Counsel –

Joshua L. Dratel
Lindsay A. Lewis

TABLE OF CONTENTS

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I

PURSUANT TO RULE 14, FED.R.CRIM.P.
MR. VALDEZ'S TRIAL SHOULD BE SEVERED
FROM THAT OF HIS CO-DEFENDANTS
BECAUSE A JOINT TRIAL WILL RESULT
IN "PREJUDICIAL SPILLOVER" THAT WILL
DENY MR. VALDEZ HIS RIGHT TO A FAIR TRIAL        . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A.   *The Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B.   *The Character of the Evidence Against Mr. Valdez's Co-defendants, and Against Manuel*
     *Rodriguez, in Particular, Creates "Prejudicial Spillover" Mandating*
     *the Severance of Mr. Valdez's Trial from That of His Co-Defendants* . . . . . . . . . . . . . . 5

     1.   *Mr. Valdez Will Be Prejudiced By The Allegations of Violence Against His*
          *Co-Defendants And By the Quantity and Quantity of Proof Against Them* . . . . . 5

     2.   *Mr. Valdez Will Be Prejudiced By Any Evidence Admitted Against*
          *His Co-defendants Pursuant to Rules 404(b) or 609, Fed.R. Evid.* . . . . . . . . . . . 8

     3.   *Mr. Valdez Reserves The Right To Supplement His Motion For Severance With*
          *Respect to the Potential For Incurable* Bruton *and* Crawford *Problems* . . . . . . . 9

C.   *Judicial Economy Will Not Be Impaired By Severance* . . . . . . . . . . . . . . . . . . . . . . . . 10

POINT II

THE COURT SHOULD GRANT MR. VALDEZ LEAVE TO JOIN
CO-DEFENDANT MANUEL RODRIGUEZ'S MOTION TO
SUPPRESS EVIDENCE OBTAINED VIA ELECTRONIC SURVEILLANCE   . . . . . . . . . . 12

POINT III

THE COURT SHOULD GRANT MR. VALDEZ LEAVE TO
JOIN IN HIS CO- DEFENDANTS MOTIONS TO THE
EXTENT THEY INURE TO HIS BENEFIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

TABLE OF AUTHORITIES

CASES

*Bruton v. United States*, 391 U.S. 123 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9, 10

*Crawford v. Washington*, 541 U.S. 36 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10

*Kotteakos v. United States*, 328 U.S. 750 (1946) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Branker*, 395 F.2d 881 (2d Cir. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Burke*, 789 F.Supp.2d 395 (E.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8

*United States v. Cambindo-Valencia*, 609 F.2d 603 (2d Cir. 1979) . . . . . . . . . . . . . . . . . . . . 8

*United States v. Cardascia*, 951 F.2d 474 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Corr*, 543 F.2d 1042 (2d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. DiNome*, 954 F.2d 839 (2d Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Eubanks*, 591 F.2d 513 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Figueroa*, 618 F.2d 934 (2d Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 9, 11

*United States v. Gilbert*, 504 F.Supp. 565 (S.D.N.Y.1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Mardian*, 546 F.2d 973 (2d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*United States v. Praetorius*, 462 F. Supp. 924 (S.D.N.Y. 1978) . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Rosenwasser*, 550 F.2d 806 (2d Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Shuford*, 454 F.2d 772 (9th Cir. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Siegel*, 717 F.2d 9 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Sperling*, 506 F.2d 1323 (2d Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Vanwort*, 887 F.2d 375 (2d Cir.1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Zafiro v. United States*, 506 U.S. 534 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

STATUTES

18 U.S.C. §2510(11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. §2518(10)(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. §3147(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. §846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rule 12(b), Fed.R.Crim.P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Rule 14, Fed.R.Crim.P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

Rule 403, Fed.R.Evid. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, n.2

Rule 404(b), Fed. R.Evid. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 5, 8, 9

Rule 609, Fed. R.Evid. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 5, 8, 9

**Introduction**

This memorandum of law is submitted in support of defendant Daniel Valdez's pretrial

motions pursuant to Rule 12(b), Fed.R.Crim.P.:  (1)  for a severance, pursuant to Rule 14,

Fed.R.Crim.P. of his trial from that of his co-defendants' trial because a joint trial will result in

"prejudicial spillover" that will deny Mr. Valdez his right to a fair trial;  (2)  for leave to join in

his co-defendant Manuel Geovanny Rodriguez-Perez's motion to suppress evidence obtained via

electronic surveillance (and any fruits thereof); and  (3)  for leave to join in the other motions

filed by his co-defendants to the extent they inure to Mr. Valdez's benefit.

As detailed below, the reasons for severance are manifold:  the quantum and character of

evidence against Mr. Valdez compared with his co-defendants, including evidence of violence

entirely unrelated to Mr. Valdez;  potential prejudice with respect to evidence admissible against

co-defendants pursuant to Rule 404(b), Fed.R.Evid. (prior similar acts), and/or Rule 609

Fed.R.Evid. (prior convictions and/or bad acts);  and potential prejudice emanating from

statements by co-defendants that implicate either or both *Bruton v. United States*, 391 U.S. 123

(1968) or *Crawford v. Washington*, 541 U.S. 36 (2004).

Accordingly, it is respectfully submitted that Mr. Valdez's pretrial motions should be

granted in their entirety.

**STATEMENT OF FACTS**

The Indictment alleges that Mr. Valdez and more than 50 co-defendants were part of a

marijuana trafficking and money laundering organization (hereinafter "the Organization"), and

that various marijuana distribution cells within the Organization operated within the greater New

York City area.  *See* Indictment (Docket # 130);  Sealed Complaint, at 9.[1]  Mr. Valdez is charged

in three of the ten counts in the Indictment (Counts 1, 2 & 6).  Mr. Valdez is also named in the

forfeiture allegations in the Indictment.

Count One charges Mr. Valdez with conspiracy to distribute and possess with intent to

distribute 1,000 kilograms and more of mixtures and substances containing detectable amounts

of marijuana as part of the Organization,  in violation of 21 U.S.C. §846.  *Id*.  Similarly, Count

Two charges Mr. Valdez with another violation of §846, alleging that he was a member of the

marijuana distribution cell conspiracy operated by Manuel Geovanny Rodriguez-Perez

(hereinafter "Manuel Rodriguez").  *Id*.

Count Six charges Mr. Valdez with violating 18 U.S.C. §3147(1), for his alleged

commission of the offenses charged in Counts One and Two while released on bail in connection

with criminal charges pending against him at that time in the Eastern District of New York

(hereinafter "EDNY") in *United States v. Anyelo Mejia, et al.*, 08 Cr. 828 (ENV).  In 2010, Mr.

Valdez pleaded guilty in the EDNY case, which involved the attempted smuggling of cash from

the U.S.  *Id*.  That case was the subject of a subsequent March 29, 2010, intercepted call (on

"TARGET CELLPHONE-4") between Manuel Rodriguez "and a person whom he has referred to

as 'Licenciado,'" which was discussed in detail in the Complaint and is part of the wiretap

evidence in this case.  *See* Sealed Complaint, at 16-18.

---

[1]  The Sealed Complaint is the first document listed on the electronic docket, but it is not
yet publicly available on PACER.  It is voluminous – 128 pages – and therefore has not been
attached as an Exhibit to these motions.  However, if the Court needs a copy, it can be provided
either in hard copy or via electronic mail.

**ARGUMENT**

**POINT I**

**PURSUANT TO RULE 14, FED.R.CRIM.P.
MR. VALDEZ'S TRIAL SHOULD BE SEVERED
FROM THAT OF HIS CO-DEFENDANTS
BECAUSE A JOINT TRIAL WILL RESULT
IN "PREJUDICIAL SPILLOVER" THAT WILL
<u>DENY MR. VALDEZ HIS RIGHT TO A FAIR TRIAL</u>**

The Due Process clause of the United States Constitution and Rule 14, Fed.R.Crim.P.,
protect a defendant from a joint trial if undue prejudice will result.  In this case, Mr. Valdez will
suffer overwhelming and incurable prejudice if he is tried jointly with his co-defendants.  As
detailed below, the reasons for a severance are varied and compelling:

    (a)    the volume and nature of evidence against Mr. Valdez compared to his co-
defendants.  In particular, the allegations of violence against Mr. Valdez's co-
defendants, and in particular those against Manuel Rodriguez, none of which
relate to Mr. Valdez (who has not been charged with *any* violent acts and whose
role in the alleged conspiracies, relative to many other co-defendants, is minor);

    (b)    the potential prejudice that would flow from evidence introduced against Mr.
Valdez's co-defendants pursuant to Rule 404(b), Fed.R.Evid. (prior similar acts),
and/or Rule 609, Fed.R.Evid. (prior convictions or bad acts);  and

    (c)    potential prejudice generated by statements of co-defendants that might implicated
Mr. Valdez.

These sources of prejudice, either separately or in combination, would subject Mr. Valdez
to a magnitude of "prejudicial spillover" that neither he nor the jury will be able to overcome

with respect to the requisite particularized determination whether Mr. Valdez is or is not guilty of the charges against him.

Under these circumstances, a joint trial would be extremely unfair and would deprive Mr. Valdez of his right to a fair trial. A joint trial would result in a biased jury that would be unable to compartmentalize the proof adequately. In turn, the jury's consideration of evidence relating to Mr. Valdez's co-defendants will inevitably taint the jury's consideration of Mr. Valdez, influencing it to convict him based on evidence wholly unrelated to him. In order to prevent this miscarriage of justice, it is respectfully submitted that the Court should order a severance of Mr. Valdez's trial from his co-defendants' trial.

## A.    *The Legal Standard*

The decision whether or not to grant severance is "committed to the sound discretion of the trial court[.]" *United States v. Vanwort*, 887 F.2d 375, 384 (2d Cir.1989). Under Rule 14, Fed.R.Crim.P.:

> [i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

In addressing applications for severance sought pursuant to Rule 14, courts have recognized that joint trials may precipitate extreme prejudice necessitating a severance if there exists danger that the quality and quantity of proof against one defendant is much greater than that offered against any co-defendant(s). Thus, severance is required if the character of the evidence against one defendant creates "prejudicial spillover" against another, thereby increasing the possibility that the jury will infer one defendant's guilt based on the "enhanced likelihood of

-4-

the guilt of the other defendant."  *United States v. Figueroa*, 618 F.2d 934, 946 (2d Cir. 1980).

**B.** **The Character of the Evidence Against Mr. Valdez's Co-Defendants, and Against Manuel Rodriguez, In Particular, Creates "Prejudicial Spillover" Mandating Severance of Mr. Valdez's Trial from That of His Co-Defendants**

    If Mr. Valdez is tried jointly with his co-defendants, the character of the evidence presented against them will necessarily result in "prejudicial spillover" detrimental to him.  In particular, Mr. Valdez will be prejudiced by  (1)  the allegations of violence against his co-defendants;  (2)  the sheer quantity of evidence presented against his co-defendants, which will include extensive wiretap evidence if such evidence is not suppressed;  and  (3)  any evidence of other similar or bad acts, and/or prior convictions, properly admitted against Mr. Valdez's co-defendants pursuant to Rules 404(b) or 609, Fed. R.Evid.  Accordingly, Mr. Valdez should be granted a severance to ensure he receives a fair trial.

    **1.** **Mr. Valdez Will Be Prejudiced By The Allegations of Violence Against His Co-Defendants and By the Quantity and Quality of Proof Against Them**

    As set forth **ante**, if Mr. Valdez is tried together with his co-defendants he will necessarily be prejudiced by the quality and magnitude of the evidence against them, which includes allegations of violence, and extensive wiretap evidence ( if such evidence is not suppressed), that would not be admissible at trial if Mr. Valdez was tried alone.[2]

---

[2]  In addition, since Mr. Valdez's 2008 money laundering case is the subject of at least one intercepted call (*see* March 29, 2010, call on "TARGET CELLPHONE-4," between Manuel Rodriguez "and "Licenciado," discussed in Complaint, at 16-18), joinder of Mr. Valdez's trial with Manuel Rodriguez's, or any other defendant against whom calls relating to Mr. Valdez's E.D.N.Y. money laundering conviction might be admissible, raises the distinct possibility that Mr. Valdez could be tried and, if convicted, ultimately punished twice for the same offense – the 2008 money laundering conduct – and not separately on the basis of the allegations in this case. Also, if the government seeks to admit against Mr. Valdez's co-defendants intercepted conversations that relate to Mr. Valdez's prior EDNY conviction, a joint trial would likely generate evidentiary issues that would require, with respect to the prejudice to Mr. Valdez,

Unlike many of his co-defendants, including Manuel Rodriguez – the leader of the Rodriguez cell, the leader of the Organization, and the lead defendant in the Indictment – Mr. Valdez has not been charged with *any* acts of violence, and the wiretap evidence in this case is largely unrelated to him.[3]   Thus, when compared with his co-defendants, Mr. Valdez's alleged involvement in the charged conspiracies is extremely limited and his motion for severance should be granted to eliminate the risk of undue prejudice from "prejudicial spillover."

Allegations of violence against Manuel Rodriguez are described in the Complaint in this case, and appear in the intercepted conversations as well.  For example, the Complaint alleges, at 60-64, that Manuel Rodriguez and Ricardo Pimentel had conversations (intercepted on the wiretap) February 7, 2010, regarding plans to attack or kill rivals of the Pimentel Group.  In addition, the Complaint alleges that an October 6, 2010, intercepted call between Rodriguez and Pimentel was related a recent shooting of one of Pimentel's "workers," and implied that a new stash house was acquired as the result of a shooting.  *Id*., at 64-65.  Also, the Complaint alleges that in January 2007, Mr. Rodriguez was arrested after a woman reported that he had threatened her.  *See id*., at 9, n.2.

In *United States v. Burke*, 789 F.Supp.2d 395, 399 -400 (E.D.N.Y. 2011) (LEL), a recent iteration of the relevant case law that has evolved regarding severance, the Court explained that

---

resolution under Rule 403, Fed.R.Evid., that would not be necessary if Mr. Valdez is granted a severance.

[3]  A second tranch of evidence secured by electronic surveillance, produced by the government just this week, has not yet been reviewed, although the government has informed counsel that Mr. Valdez is not overheard on any of these intercepted calls, and that only a fraction of the entirety of the intercepted calls produced in discovery (including the March 29, 2010, call discussed in the Complaint, and **ante**, at 2 & 5, n.2, and previously produced by the government) relate to him at all.

when, as in Mr. Valdez's case, there are clear "qualitative differences in the charges against [the

defendant] as compared to his co-defendants," Second Circuit case law requires severance to

avoid the risk of "prejudicial spillover." *Id.*

      In particular, relying on Second Circuit and Supreme Court case law, the Court in *Burke*

concluded that "prejudicial spillover" was "significant," and severance was "the proper course"

when, as in *Burke* (and in Mr Valdez's case), co-defendants . . . [were] charged with participating

in comparatively violent criminal acts" and "the overwhelming evidence that will be offered in

the prosecution of a joint trial . . . will not be admissible against [the defendant] in a severed

trial." *Id.*, at 399, *citing United States v. Gilbert*, 504 F.Supp. 565, 571 (S.D.N.Y.1980) (granting

severance for minor participant in a securities conspiracy when the defendant  "made a sufficient

showing of disproportionate involvement in the overall scheme to raise a substantial risk that he

would be prejudiced by the gradually accumulating effect of evidence," against his

co-defendant);  *Zafiro v. United States*, 506 U.S. 534, 539 (1993) (holding that "[e]vidence that

is probative of a defendant's guilt but technically admissible only against a co-defendant also

might present a risk of prejudice");  *United States v. DiNome*, 954 F.2d 839, 844–845 (2d

Cir.1992) (reversing the conviction of defendants who were denied a severance motion in part

because at trial, the defendants "were swamped by [a] mass of irrelevant evidence").

      In addition, the Court in *Burke* recognized that "when the inadmissible evidence against a

movant 'reflects activities of a violent nature,' . . . severance, rather than a limiting instruction,

may be appropriate."  *Burke*, 789 F.Supp.2d at 400, *quoting United States v. Cardascia*, 951 F.2d

474, 483 (2d Cir. 1991) (declining to reverse a denial of severance of defendants charged with

bank fraud conspiracy when evidence that was inadmissible against these defendants concerned

another bank fraud scheme *rather than a violent crime*).

In addition, a gulf in the evidence against co-defendants is by itself a well-recognized ground for severance particularly when "there [would be] simply too much other evidence offered of entirely separate actions and unconnected defendants, fanning the flames of prejudicial spillover." *United States v. Cambindo-Valencia*, 609 F.2d 603, 629 (2d Cir. 1979); *see also United States v. Mardian*, 546 F.2d 973 (2d Cir. 1976); *United States v. Corr*, 543 F.2d 1042, 1052 (2d Cir. 1976); *United States v. Branker*, 395 F.2d 881 (2d Cir. 1968); *United States v. Praetorius*, 462 F. Supp. 924 (S.D.N.Y. 1978).

Thus, for the reasons set forth in *Burke* and the other cases cited above, since the character and magnitude of the evidence against Mr. Valdez's co-defendants creates "prejudicial spillover" and increases the possibility that the jury will infer his guilt based on the "enhanced likelihood of the guilt of the other defendant[s]," severance is required. *Figueroa*, 618 F.2d at 946.

### 2. *Mr. Valdez Will Be Prejudiced By Any Evidence Admitted Against His Co-defendants Pursuant to Rules 404(b) or 609, Fed.R. Evid.*

It is well-settled in the Second Circuit that "prejudicial spillover" extends to circumstances in which a defendant is prejudiced by Rule 404(b) or Rule 609 evidence, including evidence of prior convictions admitted against a co-defendant. *See Figueroa*, 618 F.2d at 947 (co-defendants entitled to a new trial because they had been prejudiced by improper admission of another defendant's prior convictions).

Thus, if Mr. Valdez is subjected to a joint trial, he risks not only prejudice stemming from any of his own prior convictions or other acts evidence that might be admitted pursuant to Rule

-8-

404(b), Fed.R.Evid., or Rule 609, Fed.R.Evid. (for impeachment purposes), but also "prejudicial

spillover" from any Rule 404(b) or Rule 609 evidence of prior convictions or other acts properly

admitted against his numerous co-defendants (many of whom have extensive criminal records).

In addition, the introduction of the prior wrongs by Mr. Valdez's co-defendants would

especially prejudice Mr. Valdez in this case, in which his co-defendants are charged, in Count

One, and Count Two with an overarching conspiracy.  As the Second Circuit cautioned in

*Figueroa*,  "[w]e do well to bear in mind the wise counsel of the late Judge Gurfein: 'There are

few areas in which it is as important for this court to keep a watchful eye as on the admissibility

of similar offenses in a case involving more than a single defendant.'" 618 F.2d at 944, *quoting*

*United States v. Rosenwasser*, 550 F.2d 806, 814 (2d Cir. 1977) (Gurfein, J., *dissenting*).

Nor, as the Supreme Court has acknowledged, can jury instructions be considered an

adequate safeguard against such prejudice.  As the Court pointed out in *Bruton v. United States*,

391 U.S. 123 (1968), "[t]he naive assumption that prejudicial effects can be overcome by

instructions to the jury . . . all practicing lawyers know to be unmitigated fiction." *Id*., at 129

(citation omitted).  Accordingly, severance of Mr. Valdez's trial from his co-defendants' trial is

the only appropriate remedy for the "prejudicial spillover" that would result from the admission

at trial of prior convictions and other acts evidence against Mr. Valdez's co-defendants.

### 3.     *Mr. Valdez Reserves The Right to Supplement His Motion for Severance With Respect to the Potential for Incurable* **Bruton** *and* **Crawford** *Problems*

Currently, counsel does not know whether any of Mr. Valdez's co-defendants has either

made incriminating statements implicating Mr. Valdez (and which the government seeks to

introduce at trial).  As a result, Mr. Valdez reserves the right to supplement this motion for

severance if and when counsel becomes aware that such evidence exists.

Custodial or other, similar statements by co-defendants that implicate Mr. Valdez would present potential *Bruton* and *Crawford* problems that would incurably infect a joint trial. *See Bruton v. United States*, 391 U.S. 123 (1968); *Crawford v. Washington*, 541 U.S. 36 (2004). Again, as noted **ante**, the Court in *Bruton* recognized that limiting or explanatory instructions would be futile in this context, and only severance can preserve a defendant's right to a fair trial.

**C.     *Judicial Economy Will Not Be Impaired By Severance***

Also, here there are not any countervailing considerations of judicial economy that would outweigh the immense prejudice Mr. Valdez faces, or which would justify a joint trial. While conducting more than one trial will in almost all cases result in some increase in time, "the fact that it is usually more efficient to try . . . defendants together rather than separately does not always outweigh a defendant's interest in a severance." *United States v. Siegel*, 717 F.2d 9, 22 (2d Cir. 1983).

In performing this balancing test, the courts have examined several factors. It is appropriate to consider the timeliness of the motion, *id.*, 717 F.2d at 22, and whether a severance would require "two relatively uncomplicated trials in place of one — not an undue burden from the viewpoint of judicial administration" — or "a great number of otherwise unnecessary trials or the duplication of an unusually complex trial." *United States v. Shuford*, 454 F.2d 772, 777 n. 5 (9th Cir. 1971).

Here, these considerations all weigh in Mr. Valdez's favor. A separate trial for Mr. Valdez would be shorter and less complicated, especially given the many accusations against Mr. Valdez's co-defendants that do not relate to him, and the many co-defendants to which Mr. Valdez has no articulable connection at all. Moreover, any diminution of judicial economy is far

outweighed by the substantial considerations warranting severance.

As the Second Circuit declared in *Figueroa*,

> [w]hile a co-defendant is obliged to accept some risk of prejudice
> because of the public advantages of a joint trial, he ought not to be
> exposed to much risk in a case where the reasons that justify the
> joint trial are not significant.

618 F.2d at 946, (*citing United States v. Mardian, supra*, 546 F.2d at 980-81).

Moreover, the government's routine invocation of "judicial economy" as a code phrase

for "convenience" is *not* an adequate justification for joinder. *United States v. Sperling*, 506 F.2d

1323 (2d Cir. 1979).  As the Supreme Court made clear in *Kotteakos v. United States*:

> [o]ur government is not one of mere convenience or efficiency.  It
> too has a stake, with every citizen, in his being afforded our
> historic individual protections, including those surrounding
> criminal trials.

328 U.S. 750, 772-73 (1946).[4]

In light of these compelling considerations supporting a severance, and in the absence of

any countervailing justification for a joint trial with his co-defendants, it is respectfully submitted

that Mr. Valdez should not be exposed to the certain substantial and unfair prejudice that will

result from a joint trial, and should instead be granted a severance.

---

[4]  The Ninth Circuit reached a similar conclusion in *United States v. Eubanks*, 591 F.2d
513 (9th Cir. 1979):

> [w]e, as judges, should not shirk our duty to protect our courts
> from becoming mere prosecutorial mills through which criminal
> convictions are processed all in the name of judicial economy.

*Id*., at 522.

## POINT II

### THE COURT SHOULD GRANT MR. VALDEZ LEAVE TO JOIN CO-DEFENDANT MANUEL RODRIGUEZ'S MOTION TO SUPPRESS EVIDENCE OBTAINED VIA ELECTRONIC SURVEILLANCE

Mr. Valdez respectfully seeks leave to join his co-defendant Manuel Rodriguez's motion to suppress evidence obtained by electronic surveillance, and any fruits thereof.  *See* Docket # 622, dated December 21, 2011.  Mr. Valdez has standing to move to suppress the wiretap evidence in this case because he was overheard on the wiretap – *see, e.g.*, Complaint, at 81 – and consequently qualifies as an "aggrieved" person under 18 U.S.C. §2510(11).  *See also* 18 U.S.C. §2518(10)(a).

## POINT III

### THE COURT SHOULD GRANT MR. VALDEZ LEAVE TO JOIN IN HIS CO-DEFENDANTS' MOTIONS TO THE EXTENT THEY INURE TO HIS BENEFIT

**Conclusion**

For the foregoing reasons, it is respectfully submitted that the Court should grant Mr.

Valdez's motions: (1) to grant him a severance from his co-defendants' trial because a joint trial

will result in unfair "prejudicial spillover" that will deny Mr. Valdez his right to a fair trial;  (2)

for leave to join in co-defendant Manuel Rodriguez's motion to evidence obtained by electronic

surveillance (and any fruits thereof);  (3)  for leave to join in motions filed by his co-defendants

to the extent they inure to his benefit;  and (4)  for any such other relief as the Court deems just

and proper.

Dated: January 11, 2011
       New York, New York

                                        Respectfully submitted,


                                        _____/S/_____
                                        Joshua L. Dratel
                                        DRATEL & MYSLIWIEC, P.C.
                                        2 Wall Street, 3rd Floor
                                        New York, New York 10005
                                        (212) 732-0707
                                        jdratel@dratelmys.com

                                        *Attorneys for Defendant Daniel Valdez*


 – Of Counsel –

Joshua L. Dratel
Lindsay A. Lewis